MARK S. POSARD (SBN: 208790)
SUSAN B. MEYER (SBN: 204931)
HANNAH BROWN (SBN: 311158)
mposard@grsm.com
smeyer@grsm.com
hbrown@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
INTEREWEST INSURANCE SERVICES, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>INTERWEST INSURANCE SERVICES, LLC, a Delaware limited liability company, and DOES 1-10 inclusive.<br><br>Defendants. | CASE NO. 2:23-cv-01943-JDP<br><br>**AMENDED ANSWER BY INTERWEST INSURANCE SERVICES, LLC**<br><br>Complaint Filed: September 8, 2023 |

Defendant Interwest Insurance Services, LLC ("Interwest" or "Defendant") hereby answers the Complaint of Plaintiff Providence Publications, LLC.

## INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

2. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

3. Admit.

4. Deny.

5. Deny.

6. Deny.

## JURISDICTION AND VENUE

7. Admit.

8. Defendant admits the Court has personal jurisdiction over it for this matter. Defendant denies the remainder of the allegations in this paragraph.

9. Defendant admits venue for this matter is proper in this district. Defendant denies all the remainder of the allegations in this paragraph.

## PARTIES

10. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

11. Admit.

12. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

13. Defendant denies all allegations of infringement and damages, and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

## FACTUAL BACKGROUND

14. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

15. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

16. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

17. Deny.

18. Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.

19. Defendant lacks knowledge or information sufficient to form a belief

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

regarding the allegations in this paragraph.

20. Defendant denies all allegations of infringement and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

21. Defendant denies that it paid for only a single-copy subscription. Defendant admits that Providence emailed the Publication to the recipient(s) designated by Defendant to receive it.

22. Defendant denies all allegations of infringement and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

23. Defendant denies all allegations of infringement and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

24. Defendant denies all allegations of infringement and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

25. Deny.

26. Deny.

## COUNT ONE

27. Defendant incorporates and realleges its responses to prior paragraphs with the same force and effect as if set forth fully herein.

28. Defendant denies all allegations of infringement and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

29. Defendant denies all allegations of infringement and lacks knowledge or information sufficient to form a belief regarding the remainder of the allegations in this paragraph.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

## PRAYER FOR RELIEF

Defendant denies the allegations of Plaintiff's requested relief, including denying that Plaintiff is entitled to any relief whatsoever. Defendant requests the Court deny all relief to Plaintiff and enter judgment in Defendant's favor instead.

## DEMAND FOR JURY TRIAL

Defendant does not object to Plaintiff's request for a trial by jury on all issues so triable, in accordance with Federal Rule of Civil Procedure 38.

## AFFIRMATIVE DEFENSES

Defendant asserts and interposes the following affirmative defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and for which the law imposes the burden on Defendant, regardless of how such defenses are denominated. Defendant expressly reserves the right to add additional affirmative defenses, and to assert other defenses, which become known through investigation, discovery, or other proceedings, in this matter.

## FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the equitable doctrines of acquiescence, waiver, laches, and/or estoppel. Plaintiff alleges Interwest's infringement has been taking place since 2018 and admits it uses an "automated subscription fulfillment process" which captures data of alleged forwards, seemingly on a "weekly" basis. (Compl. ¶ 22.) Thus, Providence knew of or at least could have known via reasonable effort of the alleged infringement in 2018. Yet it waited until 2023 to file suit. Providence unreasonably delayed in filing suit. Interwest's ability to defend itself has been prejudiced by that unreasonable delay.

Providence's conduct, through failing to act and continuing its business relationship with Interwest and continuing to sell Interwest a license, while knowing of Interwest's alleged infringing use of the copyrights, has been inconsistent with any intent to enforce its alleged copyright rights and thus Providence has impliedly acquiesced to the actions alleged and waived its rights.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the equitable doctrine of unclean hands. Specifically, Providence made its license language intentionally ambiguous to allow users to reasonably believe that the license to the publication applied to the company as a whole. Providence then allowed Interwest to renew its license each year, with Providence reaping the benefits of that license. Years later, Providence now sues Interwest for allegedly forwarding the publication to others in the company for the past six years, claiming that doing so constitutes infringement, despite its intentionally ambiguous license language.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's alleged use of any protected works was permitted use pursuant to a license, express or implied. Providence's license provides that the "user" of the publication is Interwest. Thus, any use of the publication by Interwest was licensed.

**FOURTH AFFIRMATIVE DEFENSE**

Without admitting that the Complaint states a claim, the Complaint is barred, in whole or in part, by the equitable doctrine of mistake, as any wrongful acts alleged to have been committed by Defendants occurred innocently, with a lack of knowledge and/or a lack of willful intent. Providence's license provides that the "user" of the publication is Interwest. Any alleged forwarding of Providence material was under the good faith belief that it was permitted and thus innocent.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's alleged use of any protected works was consented to by Plaintiff. Providence sold Interwest with a license for the works, wherein the "user" was listed as Interwest, and Providence continued to sell that license for years.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is barred by 17 U.S.C. section 412 from claiming statutory damages or attorney's fees under the Copyright Act in that any alleged acts occurred before the respective registration of the Plaintiff's alleged works.

**SEVENTH AFFIRMATIVE DEFENSE**

The contents of, and Defendant's alleged use of any protected works subject to Plaintiff's copyright infringement claim, is protected by the doctrine of fair use. The alleged "use" of the works is mere forwarding of emails within a company for educational purposes, there was no copying, no use of another's work, and no adverse effect on the market.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to properly mark its alleged copyrighted material and failed to give Defendant sufficient notice of its copyright.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the complained-of actions, to the extent they occurred, were the result of conduct by third parties.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate damages, if such damages exist. Providence made its license language intentionally ambiguous to allow users to reasonably believe that the license to the publication applied to the company as a whole. Providence then allowed Interwest to renew its license each year, with Providence reaping the benefits of that license. Years later, Providence now sues Interwest for allegedly forwarding the publication

to others in the company for years, and failed to mitigate its damages by contacting Interwest earlier.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Plaintiff alleges infringement began in 2018 and filed suit in 2023. This is outside the three-year statute of limitations for copyright infringement. 17 U.S.C. § 507(b).

Dated:  December 4, 2023              GORDON REES SCULLY MANSUKHANI, LLP

By:  */s/ Hannah Brown*
       Mark S. Posard
       Susan B. Meyer
       Hannah Brown
       Attorneys for Defendant

# **CERTIFICATE OF SERVICE**

I, Karla Freeman, hereby certify that on December 4, 2023, I caused the **AMENDED ANSWER BY INTERWEST INSURANCE SERVICES, LLC** to be served by means of this court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this court.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

*/s/ Karla Freeman*
Karla Freeman