David Harford (SBN 270696)
david.harford@bclplaw.com
Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

Timothy M. Reynolds (*Admitted pro hac vice*)
timothy.reynolds@bclplaw.com
Bryan Cave Leighton Paisner LLP
1801 13th Street, Suite 300
Boulder, CO  80302
Telephone:  (303) 444-5955
Facsimile:   (303) 866-0200

Attorneys for Plaintiff PROVIDENCE PUBLICATIONS, LLC

Mark S. Posard (SBN:  208790)
Susan B. Meyer (SBN:  204931)
Hannah Brown (SBN:  311158)
mposard@grsm.com
smeyer@grsm.com
hbrown@grsm.com
Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:       (415) 986-5900
Facsimile:        (415) 986-8054

Attorneys for Defendant INTERWEST INSURANCE SERVICES, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>INTERWEST INSURANCE SERVICES, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:23-cv-01943-DAD-JDP<br><br>**[*PROPOSED*] STIPULATED PROTECTIVE ORDER** |

[PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Providence Publications, LLC ("Plaintiff") and Defendant Interwest Insurance Services, LLC ("Defendant"), through their respective undersigned counsel, that, during this action, all documents, information, tangible items, and testimony designated as Confidential by the producing party in the above matter be, and hereby are, subject to the following terms and conditions:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this case would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: Information (regardless of how generated, stored, or maintained) or tangible things where, in the good faith belief of the Designating Party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

2.4     Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6     Designating Party: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential."

2.8     Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9     House Counsel: Attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.12    Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form of medium; etc.) and their employees and subcontractors.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material, other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge. This Order does not govern the use of Protected Material during a court hearing or at trial.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications for which protection is warranted, so that other information and items are not swept unjustifiably within the ambit of this Order.

Indiscriminate routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     *Manner and Timing of Designations*. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material and/or, for native files, in the file name of the electronic document.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material.

(b)     For testimony given in deposition, that Counsel, within twenty (30) days after the final version of the transcript has been received by such Counsel, designate any portions of the transcript which contain testimony concerning CONFIDENTIAL information. Upon

request of Counsel on the record (*i.e.*, before the deposition is concluded), deposition testimony in its entirety shall be treated as CONFIDENTIAL until expiration of the 30-day designation period.

(c)     For information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3     Inadvertent Failures to Designate. If corrected within 30 (thirty) days after discovery of inadvertent failure, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 251 *et seq*.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for

prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A; and,

(g) the author of the Protected Material or the original source of the information.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by e-mail, if possible) immediately and, in no event, more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may at its election destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, all Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION) above.

12. <u>RULE 502(d)</u>

The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13. <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Respectfully submitted,

Dated: January 26, 2024                                         Dated: January 26, 2024

/s/ David Harford                                                    /s/ Hannah Brown

**Bryan Cave Leighton Paisner LLP**                **Gordon Rees Scully Mansukhani, LLP**
David Harford                                                         Mark S. Posard
Tim Reynolds (*pro hac vice*)                             Susan B. Meyer
                                                                                 Hannah Brown
*Attorneys for Plaintiff*                                         *Attorneys for Defendant*

IT IS SO ORDERED.

Dated:   February 6, 2024                                    _____
                                                                                 JEREMY D. PETERSON
                                                                                 UNITED STATES MAGISTRATE JUDGE

9
[PROPOSED] STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRYAN CAVE LEIGHTON PAISNER LLP
1290 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10104-3300

[PROPOSED] STIPULATED PROTECTIVE ORDER

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROVIDENCE PUBLICATIONS, LLC, a California limited liability company,<br><br>      Plaintiff,<br><br>   v.<br><br>INTERWEST INSURANCE SERVICES, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>      Defendants. | Case No. 2:23-cv-01943-DAD-JDP<br><br>**EXHIBIT A TO STIPULATED PROTECTIVE ORDER** |

## **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

   I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Providence Publications, LLC v. Interwest Insurance Services, LLC*, Case No. 2:23-cv-01943, pending the United States District Court for the Eastern District of California.  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.


   Sign: _____

   Date: _____

   Address: _____